IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **CINDY D. HENSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00145-O-BP |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Unopposed Motion and Incorporated Brief for Attorney Fees Under the Equal Access to Justice Act filed August 10, 2022. ECF No. 26. Noting the Motion is unopposed, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion.

The Court finds that Plaintiff, Cindy D. Henson, was the prevailing party in this case. *See* ECF No. 25. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $196.35 per hour for services performed in 2020, $206.55 per hour for services performed in 2021, and $220.66 per hour for services performed in 2022. The Court further finds that Plaintiff is entitled to attorney fees for compensation of 34.00 hours of total service, consisting of 2.25 hours in 2020, 29.65 hours in 2021, and 2.10 hours in 2022.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Cindy D. Henson, in care of Martin W. Long, an attorney, attorney fees under the Equal Access to Justice Act, in the total amount of **$7,029.39** for 34.00 hours of service, consisting of

2.25 hours in 2020 at the hourly rate of $196.35, 29.65 hours in 2021 at the hourly rate of $206.55, and 2.10 hours in 2022 also at the hourly rate of $220.66.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 17, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2